**STATE of Minnesota, Respondent,**

v.

**Duane H. FLINT, Appellant.**

**No. 81–809.**

Supreme Court of Minnesota.

Sept. 24, 1982.

Rehearing Denied Nov. 29, 1982.

Richard T. Oakes, St. Paul, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, Thomas A. Weist and Rick Osborne, Asst.

County Attys., and Beverly J. Wolfe, Staff Atty., Minneapolis, for respondent.

WAHL, Justice.

Defendant was found guilty by a district court jury of a charge of arson in the first degree and was sentenced by the trial court to 24 months in prison, which is the presumptive term established by the Sentencing Guidelines for this offense (severity level VII) by a person with defendant's criminal history score (zero). Following trial and conviction, one of the state's witnesses recanted his trial testimony, and a postconviction hearing was held to determine whether a new trial was required. The district court denied the petition. We affirm the judgment of conviction and the denial of postconviction relief.

The charge against defendant was based on a fire that occurred at the house of defendant's former wife on June 13, 1980. Defendant's former wife was entitled to live in the house for 4 years after the divorce, and then the home was to be sold and the proceeds divided equally between her and defendant. It was undisputed at trial that one John Marquardt, an acquaintance of defendant, had set the fire. Marquardt, who had pleaded guilty to arson and promised to testify against defendant in return for a lenient sentence, testified that defendant offered him $1,000 or 10% of the insurance proceeds. Defendant denied this, but there was strong evidence corroborating it, including testimony that when defendant was arrested he made certain incriminating statements, and evidence that defendant had been experiencing financial difficulties at the time of the fire.

Defendant's contention on appeal that the trial court erred in certain evidentiary rulings, including allowing use of defendant's prior conviction for receiving or concealing stolen property to impeach his credibility as a witness, is without merit. Similarly, there is no merit to defendant's contention that the prosecutor committed misconduct in eliciting evidence that defendant and his new wife were receiving government assistance payments at the time of the fire.

The main issue on appeal results from the post-trial recantation of testimony by Dean Hansen, son of defendant's former wife. He had corroborated her testimony by testifying that he had overheard a conversation in which defendant had proposed burning the house and splitting the insurance proceeds with her. Subsequent to trial he admitted that he had not heard this conversation but that his mother had convinced him that he had. Our examination of the record satisfies us that the jury would not have reached a different result if Hansen had not testified. Hansen's bias against defendant was brought out at trial, and he was merely called to corroborate the testimony of his mother. On the other hand, the other evidence against defendant was overwhelming.

Defendant's contention that the prosecutor should have disclosed to the defense during trial that Hansen had said that he was uncertain of his testimony is without merit. Hansen apparently told the prosecutor before he testified that he was uncertain as to the date and location of the conversation, but not as to the substance of the conversation. The prosecutor's undisputed response to Hansen was that he should simply tell the truth about what he heard. Under the circumstances, the prosecutor was obligated to do no more.

Affirmed.